## Commonwealth v. Frederico et al.

*New trial—Improper remarks of counsel—Practice, Q. S.*

In the trial of a criminal action, counsel for the Commonwealth, in his address to the jury, said: "On one side of this case all of the parties are Americans, and on the other side of this case all of the parties are Italians." The court at once stopped the argument and instructed counsel for the Commonwealth and the jury that such argument was not permissible. The court also instructed the jury that there should be no favor or prejudice on one side or on the other because of the nationality of the parties or witnesses, and that they should not be influenced by such argument: *Held*, on motion for new trial, that the rights of defendants were properly guarded. Motion overruled.

Motion for a new trial.  Q. S. Dauphin Co., June Sess., 1921, Nos. 98 and 99.

W. Justin Carter, for motion; Maurice R. Metzger, contra.

Fox, J., Jan. 25, 1922.—In the above stated cases, one motion in both cases was made by the defendants for a new trial.

With respect to the first four reasons therefor, there was sufficient evidence produced by the Commonwealth to justify the jury in finding the defendants guilty in manner and form as they stood indicted, and the verdict was not against the charge of the court.

With respect to the fifth and sixth reasons, that the counsel on behalf of the Commonwealth, in his argument, said to the jury, "on one side of this case, all of the parties are Americans, and on the other side of this case, all of the parties are Italians," the court at once stopped the argument, and instructed counsel for the Commonwealth and the jury that such argument was not permissible, and put a stop to it, and carefully instructed the jury that there should be no favor or prejudice on one side or on the other because cf the nationality or birthplace of any of the parties or witnesses, and that the jury should not be influenced by any such argument, statement or thought.

We think this was properly and completely cared for by the court, and that the jury was uninfluenced by the remark.  The remark was improper and should not have been made, but we think the reprimand and charge of the court completely eliminated from the jurors' minds any favor or prejudice which may have been created by the remark.

The motion is, therefore, overruled, and the district attorney is directed to call the defendants for sentence.

From George R. Barnett, Harrisburg, Pa.